IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ROBERT MILLER,                    §
TDCJ-CID NO.866293,               §
          Plaintiff,              §
v.                                §   CIVIL ACTION NO. H-13-1184
UNIVERSITY OF TEXAS MEDICAL       §
BRANCH, *et al.*,                 §
          Defendants.             §

ORDER OF DISMISSAL

Plaintiff, a state inmate proceeding *pro se* and requesting leave to proceed *in forma pauperis*, filed the pending civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is a "three strikes" inmate who has filed at least three frivolous lawsuits while incarcerated and is barred from proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(g). *See* Miller v. University of Texas Medical Branch, Civil Action No.H-10-3873 (S.D. Tex. Jan. 27, 2011) and the frivolous lawsuits listed therein.

The three strikes rule provides that a prisoner who has had, while incarcerated, three or more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted is prohibited from bringing any more actions or appeals *in forma pauperis*. 28 U.S.C. § 1915(g); Baños v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam); Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). The three strikes rule provides an exception permitting prisoners who are under imminent danger of physical harm to proceed without prepayment of the filing fee. 28 U.S.C. § 1915(g); Baños, 144 F.3d at 884.

Courts have determined that in order to meet the imminent

danger requirement of § 1915(g), the threat must be "real and proximate." Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (citation omitted). The harm must be imminent or occurring at the time the complaint is filed, and the plaintiff must refer to a "genuine emergency" where "time is pressing." Heimermann v. Litscher, 337 F.3d 781, 782 (7th Cir. 2003) (per curiam) (citation omitted). Congress intended a safety valve to prevent impending harms, not those injuries which allegedly had already occurred. Abdul-Akbar v. McKelvie, 239 F.3d 307, 315 (3d Cir. 2001) (en banc). "A court may find that a complaint does not satisfy the 'imminent danger' exception if the complaint's 'claims of imminent danger are conclusory or ridiculous.'" Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (quoting Ciarpaglini, 352 F.3d at 331); accord Andrews v. Cervantes, 493 F.3d 1047, 1057 n. 11 (9th Cir. 2007) (same).

Plaintiff alleges that his life is in danger from gang members, who were told by Sergeants Yesenia Beltran and Tracy Purkett that plaintiff was a snitch. (Docket Entry No.1). He also claims that Beltran and Purkett murdered his parent and brothers. (Id., page 3). He further claims that Officer Aimee Clark placed his life in danger by telling gang members that there was a hit on him and that he was a snitch. (Id.). He contends that because of their actions, he suffers severe mental anguish. (Id., page 4). He claims that he is also feeling suicidal and homicidal. (Id.).

Plaintiff also alleges that Physician's Assistant Thomas Powell is denying him physical therapy and refusing to transfer him

to the Powledge Unit for therapy, which has caused him "permanent irreperable harm." (Id., page 3).  He contends that the University of Texas Medical Branch has been deliberately indifferent to his serious medical needs but he does not state how.  (Id., page 4).

He seeks a preliminary injunction directing officials to transfer him to the Montford Unit, to be housed on a psychiatric unit permanently, to be placed in safe-keeping, and to an inpatient facility for physical therapy.  (Id.).

Plaintiff filed a similar complaint in 2010, wherein he alleged that Aimee Clark and gang members had his parents murdered; he also sought injunctive relief to have his ligaments stretched so he could walk again.  Civil Action No.H-10-3873.  The Court noted, as in this case, that plaintiff claimed that he faced imminent danger of serious physical harm, but his pleadings did not support a showing of such danger.  Id.

In this case, plaintiff continues to complain of past events without showing that such events pose an imminent threat to his physical safety.  Even though he complains of feelings, which were caused by past events and which would require psychiatric treatment, he states no facts to demonstrate such negative feelings have placed him in imminent danger of serious physical injury at the time he filed such complaint.

Accordingly, this lawsuit is DISMISSED WITHOUT PREJUDICE pursuant to §1915(g).  All pending motions are DENIED.  Plaintiff may pursue this case upon payment of the $350.00 filing fee within ten days from the date of this Order.

The Clerk will provide a copy of this order to the plaintiff and a copy by electronic means or regular mail to the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711.

SIGNED at Houston, Texas on _____, 2013.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

4